Pfeifer, J.,
concurring.
{¶ 237} I concur in judgment and in the bulk of the majority opinion, including the affirmance of the death penalty based on the R.C. 2929.04(A)(8) death specification. I write separately to address the felony-murder issue.
{¶ 238} I conclude that the felony-murder death specification in this case is inappropriate. See R.C. 2929.04(A)(7). The felony here, which elevates an ordinary murder case to a death-eligible felony-murder case, is aggravated burglary. R.C. 2911.11. But under the facts in this case, the aggravated burglary, trespassing with the intent to commit a criminal offense, is implicit in the murder — it is not a separate crime. In essence, the murder is being counted twice, once as a murder and once as an aggravated burglary. The death-penalty scheme does not envision that every murder that involves a trespass will be a death-penalty case, though that is essentially what happens when aggravated burglary is chargeable.
{¶ 239} The expansive view that this court gives the felony-murder rule leads to death sentences in cases where the murder, however heinous, does not warrant death. See State v. Murphy (2001), 91 Ohio St.3d 516, 561, 747 N.E.2d 765 (Pfeifer, J., dissenting) (appropriately punishing criminals who kill during the commission of a felony is what the felony-murder aggravating circumstance exists to accomplish). Fry did not kill while committing a felony; the felony was incidental to the murder. Accordingly, I would reverse the R.C. 2909.04(A)(7) death specification.
{¶240} Furthermore, “[t]o pass constitutional muster, a capital sentencing scheme must ‘genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder.’ ” Lowenfield v. Phelps (1988), 484 U.S. 231, 244, 108 S.Ct. 546, 98 L.Ed.2d 568, quoting Zant v. Stephens *204 (1983), 462 U.S. 862, 877, 103 S.Ct. 2733, 77 L.Ed.2d 235. I believe that R.C. 2929.04(A)(7), the statute governing felony-murder death specifications, “is not particularly well suited for guidance in distinguishing between those [murderers] who deserve death and those who do not.” Murphy, 91 Ohio St.3d at 561, 747 N.E.2d 765 (Pfeifer, J., dissenting). See State v. Twyford (2002), 94 Ohio St.3d 340, 372, 763 N.E.2d 122 (Pfeifer, J., dissenting) (R.C. 2929.04(A)(7) is “often inappropriate for determining which murderers are death-worthy”). In this case involving an aggravated burglary based on a trespass, the felony-murder specification does not “narrow the class of persons eligible for the death penalty.” Zant, 462 U.S. at 877, 103 S.Ct. 2733, 77 L.Ed.2d 235.
Sherry Bevan Walsh, Summit County Prosecuting Attorney, and Heaven DiMartino, Assistant Prosecuting Attorney, for appellee.
David L. Doughten and George C. Pappas, for appellant.